S. GEISELMAN AND ANOTHER V. JOHN BROWN AND ANOTHER.

1. In defense to an action on notes made in 1862, it was pleaded that they were payable in Confederate money, and that the consideration had failed. A demurrer to these pleas being interposed, the court below sustained it, struck out the pleas, and directed the jury to return their verdict for the amount of the notes. *Held*, to be erroneous ; inasmuch as the demurrer admitted the truth of the matters alleged in the pleas, the judgment should have been for the makers of the note ; and this court not only reverses the judgment below, but dismisses the case.

ERROR from Harris.    Tried below before the Hon. George R. Scott.

The opinion of the court states the facts.

*J. W. McConaughey*, for the plaintiffs in error.

No brief for the defendants in error.

WALKER, J.—The plaintiffs purchased certain six slaves from the defendant, Brown, on the third day of December, 1862, and executed to him their promissory note for $5000, payable four years after date, with ten per cent. interest per annum. To secure the payment of said note they executed a deed of trust on the six negroes and lots Nos. 1, 2, 3, 4, 5, 6, 7 and 12, in block 310, in the city of Houston, to J. B. Dart as trustee. Dart died, and after the maturity of the note the defendant Oliver assumed to act as trustee. The negroes having become free in the meantime, he advertised the lots for sale. The plaintiffs in the meantime had made valuable improvements on the lots, and they enjoined the sale of them by Oliver, who came into court, disclaimed all interest in the suit as trustee or otherwise, and was dismissed. Brown intervened, setting up that the note belonged to him, was due and unpaid, and demanded judgment upon it.

The plaintiffs, thus becoming defendants to Brown's cross action,

defended on the ground that the consideration for the note had failed, and that the note was to be paid in Confederate money; and, if paid, should be paid in par funds of the value of Confederate money at the time the note matured.

To these defenses the defendant, Brown, demurred, and the court sustained the demurrer, striking out all the answers; and, without further evidence than the note, instructed the jury to find for Brown. The jury found in accordance with the charge. A motion for new trial was made and overruled, and several exceptions were taken, which are urged before this court. We are of opinion the district court erred in entertaining a demurrer after answer to the merits.

There was also error in sustaining the demurrer to the plea of failure of consideration, and also to the plea of illegality of contract. These defenses being admitted by defendant's demurrer, the judgment of the court should have been for the plaintiffs. We therefore reverse the judgment of the district court and dismiss the case, with costs to the plaintiffs in error.

*Reversed and dismissed.*